IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Evansville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| and | ) |
| | ) |
| THE STATE OF INDIANA | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| TOWN OF NEWBURGH, INDIANA, | ) **3 : 05-cv-0199-RLY-WGH** |
| | ) |
| Defendant. | ) |

## CONSENT DECREE

The United States of America (the "United States"), on behalf of the Administrator of the

United States Environmental Protection Agency ("EPA"), and the State of Indiana (the "State"),

on behalf of the Commissioner of the Indiana Department of Environmental Management

("IDEM") (collectively the "Plaintiffs") have filed a complaint alleging that the defendant, the

Town of Newburgh, Indiana, has violated and continues to violate Section 301 of the Clean

Water Act, 33 U.S.C. § 1311, and the terms and conditions of the National Pollutant Discharge

Elimination System ("NPDES") Permit issued to the Town of Newburgh by IDEM.

- 1 -

Without admitting any liability, the Town of Newburgh agrees to undertake the compliance measures set forth in this Decree and also agrees to pay a civil penalty for alleged past violations.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action and over the parties pursuant to Sections 309 and 505(a) of the Act, 33 U.S.C. §§ 1319, 1365(a), and 28 U.S.C. §§ 1331, 1345, 1355, and 1367. Venue is proper pursuant to Sections 309 and 505(c) of the Act, 33 U.S.C. §§ 1319(b), 1365(c), and 28 U.S.C. §§ 1391(b) and (c) and 1395(b). The Complaint of the United States and the State of Indiana states claims upon which relief may be granted under Section 309 of the Act, 33 U.S.C. § 1319, and Section 505 of the Act, 33 U.S.C. 1365.

## II. BINDING EFFECT

1.     This Decree, after entry, shall apply to and be binding on the United States, the State of Indiana, and the Town of Newburgh, and on the Town of Newburgh's elected officials, officers, council members, directors, agents, trustees, employees, successors, assigns, and all

- 2 -

persons, firms, and corporations acting under the control, authority, or direction of the Town of Newburgh. The Town of Newburgh shall provide a copy of this Consent Decree to all contractors and subcontractors hired to perform any portion of the work required under this Consent Decree and shall make performance of work consistent with this Decree a condition of any contract to perform work required by this Decree. The Town of Newburgh shall ensure that its contractors and subcontractors perform the work required by this Decree in accordance with the deadlines and requirements in this Decree and any attachments. Nothing shall relieve the Town of Newburgh of its obligation to comply with this Decree and the terms and conditions of its NPDES Permit. The signatory for the Town of Newburgh represents that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to bind the Town of Newburgh legally.

## III. DEFINITIONS

1.      Unless otherwise defined in this Decree, the terms used in this Decree shall have the same meaning given to those terms in the Clean Water Act, 33 U.S.C. §§ 1251-1387, the regulations promulgated under the Clean Water Act, and the Town of Newburgh's NPDES Permit.

(a)      "NPDES Permit" means that version of the Town of Newburgh's NPDES Permit No. IN 0023892, including any modifications, renewals, or successors to such permit, that is applicable and in effect during the term of this Consent Decree;

(b)      "Sanitary sewer overflow" or "SSO" means an overflow, spill, release, or diversion of wastewater from a sanitary sewer system. SSOs include: (i) overflows or releases of

- 3 -

wastewater that reach waters of the United States and/or waters of the State of Indiana; (ii)

overflows or releases of wastewater that do not reach waters of the United States or waters of the

State of Indiana; and (iii) wastewater backups into buildings that are caused by blockage or flow

conditions in a sanitary sewer other than a building lateral.

## IV. COMPLIANCE PROGRAM

2.      **NPDES Permit Compliance**  The Town of Newburgh shall comply with the

Clean Water Act, 33 U.S.C. § 1281 et seq., and all requirements contained in its NPDES Permit.

3.      **Completion of Work**  The Town of Newburgh has addressed alleged effluent

limitation and sanitary sewer overflow violations of its NPDES Permit through the completion of

several construction projects: (a) the elimination of Outfall 011 to Cypress Creek; (b) the major

upgrade of the wastewater treatment plant's capacity from 2.3 million gallons per day ("MGD")

to 4.6 MGD; (c) the provision of alternate power supply to the No. 5 (Triple Crown) and No. 8

(Old Plant) Lift Stations; (d) replacement of pumps and controls at the Old Plant Lift Station; (e)

the construction of an new 18 inch gravity sewer connected to the Old Plant Lift Station; and (f)

the closing and sealing of Outfall 009.

4.      **Capacity, Management, Operation, and Maintenance Plan**  The Town of

Newburgh has developed a written capacity, management, operation, and maintenance

("CMOM") plan, which the Plaintiffs have approved, for the sewer collection system that

Newburgh owns or over which Newburgh has operational control. The approved CMOM plan is

attached as Appendix A and is incorporated by reference. Within thirty (30) days after entry of

- 4 -

this Consent Decree, the Town of Newburgh shall begin full implementation of the measures and activities in the approved CMOM plan in accordance with the schedule set forth therein.

5.        **CMOM Program Audit**  Newburgh must conduct an audit of the first full calendar year of implementation of the approved CMOM plan and submit a written report of such audit (the "audit report"), evaluating Newburgh's compliance with all plans, procedures, requirements, standards, and schedules set forth in the approved CMOM plan, to the Plaintiffs for approval. Newburgh must submit the audit report for approval no later than March 31 of the year following the first full calendar year after entry of this Consent Decree. The audit report shall include a schedule with deadlines which shall be incorporated by reference into this Consent Decree, of steps that Newburgh will take to rectify any identified deficiencies. The audit report's schedule to rectify identified deficiencies shall not extend for more than 5 years. Within thirty (30) days of approval or modification by the Plaintiffs of the audit report, the Town of Newburgh shall begin implementation of the recommendations in the final audit report in accordance with the schedule set forth therein. The Town of Newburgh shall make the final approved audit report available to any member of the public upon request.

6.        **Prohibition on Municipal Sanitary Sewer System Discharges**  Sanitary sewer overflows that discharge to waters of the United States and/or waters of the State of Indiana that occur from Newburgh's sewer collection system are prohibited. Neither the bypass or the upset provisions at 40 C.F.R. § 122.41(m) and (n) apply to these discharges.

- 5 -

7.    **Review by the Plaintiffs of Submissions Made Pursuant to Section IV**

**(Compliance Program)**

(a).    After review of any plan, report or other item which is required to be submitted

for approval pursuant to this Consent Decree, the Plaintiffs shall: (1) approve, in whole or in

part, the submission; (2) approve, in whole or in part, the submission upon specified conditions;

(3) modify the submission to cure the deficiencies; (4) disapprove, in whole or in part, the

submission, directing that the Defendant modify the submission; or (5) any combination of the

above.  However, the Plaintiffs shall not modify a submission without first providing Defendant

at least one notice of deficiency and an opportunity to cure within 30 days, except where to do so

would cause serious disruption to the Compliance Program or where previous submission(s)

have been disapproved due to material defects and the deficiencies in the submission under

consideration indicate a bad faith lack of effort to submit an acceptable deliverable.

(b)    In the event of approval, approval with conditions, or modification by the

Plaintiffs, pursuant to Paragraph 9(a)(1), (2), or (3), Defendant shall proceed to take any action

required by the plan, report, or other item, as approved or modified by the Plaintiffs subject only

to their right to invoke the Dispute Resolution procedures set forth in Section IX (Dispute

Resolution) with respect to the modifications or conditions made by the Plaintiffs.  In the event

that the Plaintiffs modify the submission to cure the deficiencies pursuant to Paragraph 9(a)(3)

and the submission has a material defect, the Plaintiffs retain their rights to seek stipulated

penalties, as provided in Section VII (Stipulated Penalties).

- 6 -

(c)     Resubmission of Plans. Upon receipt of a notice of disapproval pursuant to Paragraph 9(a)(4), Defendant shall, within 30 days or such longer time as specified by Plaintiffs in such notice, correct the deficiencies and resubmit the plan, report, or other item for approval. Any stipulated penalties applicable to the submission, as provided in Section VII, shall accrue during the 30-day period or otherwise specified period but shall not be payable unless the resubmission is disapproved or modified due to a material defect as provided in Paragraph 9(a) and (b).

(d)     Notwithstanding the receipt of a notice of disapproval pursuant to Paragraph 9(a)(4), Defendant shall proceed, at the direction of Plaintiffs, to take any action required by any non-deficient portion of the submission. Implementation of any non-deficient portion of a submission shall not relieve Defendant of any liability for stipulated penalties under Section VII (Stipulated Penalties).

(e)     In the event that a Plaintiffs do not approve a resubmitted plan, report or other item, or portion thereof, Plaintiffs may again require the Defendant to correct the deficiencies, in accordance with the preceding Paragraphs. The Plaintiffs also retain the right to modify or develop the plan, report or other item. Defendant shall implement any such plan, report, or item as modified or developed by Plaintiff, subject only to their right to invoke the procedures set forth in Section IX (Dispute Resolution).

(f)     If upon resubmission, a plan, report, or item is not approved or is modified by Plaintiffs due to a material defect, Defendant shall be deemed to have failed to submit such plan, report, or item timely and adequately unless the Defendant invokes the dispute resolution

- 7 -

procedures set forth in Section IX (Dispute Resolution) and the Plaintiffs' action is overturned pursuant to that Section. The provisions of Section IX (Dispute Resolution) and Section VII (Stipulated Penalties) shall govern the implementation of the Compliance Program and accrual and payment of any stipulated penalties during Dispute Resolution. If Plaintiffs' disapproval or modification is upheld, stipulated penalties shall accrue for such violation from the date on which the initial submission was originally required, as provided in Section IX.

(g)     All plans, reports, and other items required to be submitted to Plaintiffs under this Consent Decree shall, upon approval or modification by Plaintiffs, be enforceable under this Consent Decree. In the event Plaintiffs approve or modify a portion of a plan, report, or other item required to be submitted to Plaintiffs under this Consent Decree, the approved or modified portion shall be enforceable under this Consent Decree.

8.     Within ten (10) days following the deadline or schedule for any requirement under this Section (Compliance Program), the Town of Newburgh shall notify the Plaintiffs in writing of any noncompliance with the requirement, the reasons for any noncompliance, and a plan for preventing such noncompliance in the future. Notification under this Paragraph shall not excuse any failure to comply with this Decree.

### V. REPORTING

9.     Beginning with the first full calendar year that ends after the date of entry of this Decree and for every following calendar year until this Decree terminates, the Town of Newburgh shall submit to the Plaintiffs an annual written CMOM plan progress report. The Town of Newburgh shall submit each annual report no later than March 31 of the year following

- 8 -

the calendar year that is the subject of the annual report. The Town of Newburgh shall make

each report available for public inspection at the Town of Newburgh's offices.    The annual

report must describe Newburgh's progress toward rectifying the deficiencies identified in the

approved audit report. Each annual report shall contain the following information for that year:

        (a)    the status and progress of projects scheduled to rectify deficiencies identified in the approved audit report under Paragraph 7 of this Decree;

        (b)    a projection of the work to be performed to rectify deficiencies identified in the approved audit report under Paragraph 7 of this Decree during the next year;

        (c)    identification of any items that might affect timely completion of projects scheduled to rectify deficiencies identified in the approved audit report under Paragraph 7 of this Decree;

        (d)    a description of all efforts the Town of Newburgh will undertake to minimize any anticipated delays in the timely completion of projects scheduled to rectify deficiencies identified in the approved audit report under Paragraph 7 of this Decree; and

        (e)    any evidence of noncompliance with this Decree and all reasons for such noncompliance.

Notification under this Paragraph shall not excuse any failure to comply with this Decree.

      10.    The Town of Newburgh shall report discharges to waters of the United States

and/or waters of the State of Indiana from sanitary sewer overflows on the monthly discharge

monitoring report ("DMR"). The Town of Newburgh shall submit monthly DMRs and monthly

reports of operation ("MROs") to U.S. EPA at the same time the Town of Newburgh is required

to submit those reports to the Indiana Department of Environmental Management.

      11.    The Town of Newburgh shall submit to U.S. EPA any written notice or report

regarding overflows or bypasses required by the Town of Newburgh's NPDES Permit at the

- 9 -

same time the Town of Newburgh is required to submit the notice or report to the Indiana

Department of Environmental Management.

12.     Record Keeping. Newburgh shall maintain a record of the following information

for a period of at least three years after the date of the SSO or other event which is required to be

recorded under this Paragraph:

> (a)     for each SSO which occurred in Newburgh's collection system or
> as a result of conditions in a portion of the collection system:
>
>> (i)     the location of the SSO and the receiving water, if any;
>> (ii)    an estimate of the volume of the SSO;
>> (iii)   a description of the sewer system component from which
>> the SSO occurred, including but not limited to, manholes,
>> constructed overflow pipe, and pipe cracks;
>> (iv)    the estimated date and time when the SSO began and when
>> it stopped;
>> (v)     the cause or the suspected cause of the SSO; and
>> (vi)    steps that have been and will be taken to prevent the SSO
>> from recurring and a schedule for those steps.
>
> (b)     work orders associated with the investigation and/or correction of
> system problems related to SSOs; and
>
> (c)     a list and description of complaints regarding SSOs from
> customers or others.

13.     **Immediate Notifications and Follow-Up Reports.** Newburgh shall provide the

following additional reports for SSOs that may imminently and substantially endanger human

health:

> (a)     Newburgh shall immediately notify the public, health agencies, drinking
> water suppliers and other affected entities of such SSOs. The notice shall
> be in accordance with the approved CMOM plan attached as Appendix A
> to this Consent Decree;
>
> (b)     Newburgh shall provide to the Plaintiffs either an oral or electronic report
> within 24 hours after the time Newburgh becomes aware of the SSO. The

- 10 -

report shall identify the location, estimated volume and receiving water, if any, of the SSO; and

(c)     Newburgh shall provide to the Plaintiffs within 5 days of the time Newburgh became aware of the SSO a written report that contains:

        (i)      the location of the SSO;

        (ii)     the receiving water, if any;

        (iii)    an estimate of the volume of the SSO;

        (iv)     a description of the sewer system component from which the release occurred, including, but not limited to, manholes, constructed overflow pipe, and pipe cracks;

        (v)      the estimated date and time when the SSO began and stopped or will be stopped;

        (vi)     the cause or suspected cause of the SSO;

        (vii)    steps taken or planned to reduce, eliminate, and prevent reoccurrence of the SSO and a schedule of major milestones for those steps; and

        (viii)   steps taken or planned to mitigate the impacts of the SSO and a schedule of major milestones for those steps.

(d)     Upon Newburgh's request, the Plaintiffs may waive the written report required in Paragraph 15(c) on a case-by-case basis.

14.     **Annual Report.**  Beginning with the first full calendar year that ends after the date of entry of this Consent Decree and for every following calendar year until this Consent Decree terminates, Newburgh shall prepare an annual report of all SSOs from Newburgh's sewer collection system, including the date, the location of the SSO, any potentially affected receiving water, and the estimated volume of the SSO.  No later than March 31 of the year following the calendar year that is the subject of the annual report the report, the Town of Newburgh shall submit the annual report to the Plaintiffs and provide notice to the public of the availability of the report.

15.     In addition to all reporting requirements set forth in this Decree, Newburgh shall continue to comply with all reporting requirements set forth in its NPDES Permit.

## VI. CIVIL PENALTY

16.     The Town of Newburgh shall pay a civil penalty in the amount of $56,000 to the

United States within thirty (30) days of the Court's entry of this Decree. Payment of this civil

penalty resolves the civil claims of the United States and the State for the violations of the Clean

Water Act set forth in the Complaint filed in this action, through the date of lodging this Decree.

Payment shall be made by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of

Justice account in accordance with current electronic funds transfer procedures, referencing

USAO file number, and DOJ case number 90-5-1-1-06644. Payment shall be made in

accordance with instructions provided to the Town of Newburgh upon lodging of this Decree.

Any EFTs received at the DOJ lockbox bank after 11:00 a.m. Eastern Time will be credited on

the next business day. Within five (5) days of the date of payment, the Town of Newburgh shall

send written notice of payment and a copy of any transmittal documentation to the United States

in accordance with Section XIII (Notice) of this Decree.

17.     Upon final entry of this Decree, the United States shall be deemed a judgment

creditor for purposes of collection of this penalty and enforcement of this Decree. Interest shall

accrue upon any balance unpaid after thirty (30) days from the entry of this Decree at the

statutory judgment interest rate prescribed at 28 U.S.C. § 1961 in effect on the day this Decree is

entered by the Court. Payment of interest made under this Paragraph shall be in addition to such

other remedies or sanctions available to the United States by virtue of the Town of Newburgh's failure to make timely payment under this Section.

## VII. STIPULATED PENALTIES

18.     If the Town of Newburgh fails to timely submit any report required by Paragraphs 11 through 16, the Town of Newburgh shall pay a stipulated penalty of two hundred fifty dollars ($250) per day until the required report is submitted. Provided, however, the total stipulated penalties for a failure to submit a periodic report shall run only until the date that the next periodic report is submitted.

19.     If the Town of Newburgh fails to comply with any daily minimum or maximum effluent limitation or monitoring requirement contained in its NPDES Permit, the Town of Newburgh shall pay the following stipulated penalties:

| Period of Failure to Comply | Stipulated Penalty |
| --- | --- |
| 1st to 5th violation in a month | $500/day per violation |
| Any additional violations in a month | $1,000/day per violation |

20.     If the Town of Newburgh fails to comply with any weekly average limitation in its NPDES Permit, the Town of Newburgh shall pay the following stipulated penalties:

| Period of Failure to Comply | Stipulated Penalty |
| --- | --- |
| Any weekly average violations in one week | $1,000 per violation |
| Any weekly average violations that continue beyond one week | $3,000 per violation of weekly average per week beyond the first week of violation |

- 13 -

21.     If the Town of Newburgh fails to comply with any 30 day average (monthly average) limitation in its NPDES Permit, the Town of Newburgh shall pay the following stipulated civil penalties:

| Monthly Average Violations | Stipulated Penalty |
|---|---|
| Any monthly average violations in one month | $5,000 per violation of monthly average |
| Any monthly average violation that continues beyond one month | $7,500 per violation of monthly average per month beyond the first month of violation |

22.     If the Town of Newburgh fails to comply with any deadline set forth, required, or incorporated by reference, in Paragraph 7 of this Consent Decree, the Town of Newburgh shall pay the following stipulated penalties:

| Period of Failure to Comply | Stipulated Penalty |
|---|---|
| 1st to 30th day | $500 per day per violation |
| 31st to 60th day | $1,250 per day per violation |
| After 60 days | $2,500 per day per violation |

23.     If the Town of Newburgh fails to comply with the prohibition on SSO discharges in Paragraph 8 of this Decree, the Town of Newburgh shall pay stipulated penalties of one thousand dollars ($1,000) per day of violation.

24.     The stipulated penalties under this Decree are in addition to other remedies or sanctions available to the Plaintiffs by reason of the Town of Newburgh's failure to comply with the requirements of this Decree, its NPDES Permit, or the Clean Water Act. Notwithstanding any other provision of this Section, the United States and the State of Indiana may, in their

- 14 -

unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree .

25.     The Town of Newburgh shall pay any stipulated penalties due under this Decree as follows: The Town of Newburgh shall pay fifty percent (50%) of the penalty to the United States by certified or cashiers check payable to "Treasurer, United States of America," and shall tender payment to the United States Attorney for the Southern District of Indiana, U.S. Courthouse, 5th Floor, 46 East Ohio St., Indianapolis, IN 46204, and shall pay fifty percent (50%) of the penalty to the State of Indiana by certified or cashiers check payable to the "Environmental Management Special Fund" and shall tender payment to Cashier, IDEM, 100 North Senate Avenue, P.O. Box 7060, Indianapolis, IN 46207-7060.  Newburgh shall pay any stipulated penalties within thirty (30) days of the date that the Town of Newburgh receives a written demand from U.S. EPA or the State of Indiana, unless the Town of Newburgh initiates dispute resolution in accordance with Section IX (Dispute Resolution) of this Decree, in which case such penalties shall be addressed in Paragraph 37.  The Town of Newburgh shall send a copy or other evidence of any payment made pursuant to this Section to the United States and the State of Indiana at the addresses in Section XIII (Notice).  With respect to the United States, interest shall accrue on any overdue amounts as provided in Paragraph 19 of this Decree.  With respect to the State, interest shall accrue on any overdue amounts at the rate established by IC 24-4.6-1-101.

26.     All stipulated penalties shall begin to accrue on the day after performance is due or on the day a violation occurs, and shall continue to accrue until the day compliance is

- 15 -

achieved. Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate violations of this Decree.

27.     No penalties or interest shall accrue for violation(s) of deadlines imposed by this Decree that were caused by events determined to be a force majeure pursuant to Section VIII (Delays or Impediments to Performance (*Force Majeure*)) of this Decree or with respect to matters in which the Town of Newburgh prevails in dispute resolution.

VIII. DELAYS OR IMPEDIMENTS TO PERFORMANCE (*Force Majeure*)

28.     *Force Majeure* -- "Force Majeure" for the purposes of this Consent Decree is defined as an event arising from causes beyond the Town of Newburgh's control or the control of any entity controlled by the Town of Newburgh, including its consultants and contractors, which delays or prevents the performance of any obligation under this Consent Decree and which could not be overcome by due diligence. Unanticipated or increased costs or changed financial circumstances are not Force Majeure events. Failure to apply for a required permit or approval, or to provide in a timely manner all information required to obtain a permit or approval necessary to meet the requirements of this Consent Decree, are not Force Majeure events.

29.     If any event occurs or has occurred that may delay the performance of any obligation under this Decree, whether or not due to a Force Majeure event, the Town of Newburgh shall notify in writing the Plaintiffs within ten days of when the Town of Newburgh first knows, or in the exercise of due diligence should have known, that the event is likely to cause a delay. The notice shall (i) refer to this Section of the Decree, (ii) describe in detail the anticipated length of time the delay may persist, (iii) describe the precise cause or causes of the

- 16 -

delay, (iv) describe the measures taken or to be taken by the Town of Newburgh to prevent or minimize the delay as well as to prevent future delays, and (v) set forth the schedule by which those measures will be implemented.  The Town of Newburgh shall adopt all reasonable measures to avoid or minimize any such delay.  Failure by the Town of Newburgh to comply with the notice requirements of this Section shall preclude the Town of Newburgh from asserting any claim of force majeure for that event for the period of time of such failure to comply.

30.     If the Plaintiffs find that a delay or anticipated delay in performance is, or was, caused by a Force Majeure event, the time for performance may be extended for a period not to exceed the actual delay resulting from such event, and stipulated penalties shall not be due for such period.  The Plaintiffs shall notify the Town of Newburgh in writing of the Plaintiffs' agreement or disagreement with the Town of Newburgh's claim of Force Majeure within 30 days of receipt of the Town of Newburgh's notice under Paragraph 31 of this Decree or within such additional time as the Plaintiffs may notify the Town of Newburgh is needed. If the Plaintiffs disagree with Newburgh's claim of Force Majeure, the Town of Newburgh may submit the matter to the Court for resolution pursuant to Section IX (Dispute Resolution) of this Decree.  If the Town of Newburgh submits the matter to the Court for resolution and the Court determines that the delay was caused by a Force Majeure event, the Town of Newburgh shall be excused as to that delay but only for the period of time the delay continued or continues due to such circumstances.

31.     Compliance with the terms of this Decree by the Town of Newburgh is not conditioned on the receipt of grant funds, loans, or outside sources of funding.  In addition, any

- 17 -

failure of the Town of Newburgh to comply with the terms of this Decree shall not be excused by the lack of, or any delay in the processing of applications for grant funds, loans or outside sources of funding.

32.     Compliance with any requirement of this Decree by itself shall not constitute compliance with any other requirement. An extension of one compliance date based on a particular incident shall not necessarily result in an extension of a subsequent compliance date or dates. The Town of Newburgh must make an individual showing of proof regarding each delayed incremental step or other requirement for which an extension is sought.

33.     The Town of Newburgh shall bear the burden of proving that any delay or violation of any requirement of this Consent Decree was caused by a Force Majeure event. The Town of Newburgh shall also bear the burden of proving the duration and extent of any delay or violation attributable to such circumstances.

## IX. DISPUTE RESOLUTION

34.     The provisions of this Section shall be used to resolve any disputes between the Parties. If the Parties are unable to agree upon any requirement or other matter described in this Decree, or in the event a dispute should arise among the parties regarding the implementation of the requirements of this Decree, the Parties shall attempt to resolve the dispute through negotiation for at least fifteen (15) calendar days. The period for negotiations may be extended by agreement of the parties to this Decree. If the dispute is not resolved, any Party may apply to the Court for assistance in resolving the dispute within thirty (30) days from the close of informal negotiations. Any application to the Court shall set forth the nature of the dispute and a proposal

- 18 -

for resolution.  The other Party shall have thirty (30) days to file a response.  The legal standard applicable to any such dispute shall be the standard provided by applicable law.

35.     The invocation of formal dispute resolution procedures under this Section shall not of itself extend or postpone any obligation of the Town of Newburgh under this Decree, but the payment of stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties for which a demand has been tendered pursuant to Paragraph 27 shall continue to accrue from the first day of noncompliance with any provision of this Decree and shall be paid within fifteen (15) calendar days after the Court issues an order resolving the dispute in the Plaintiffs' favor or after the resolution in the Plaintiffs' favor of any appeal concerning the dispute.  To the extent that the Town of Newburgh prevails on the disputed issue, stipulated penalties shall be excused.

## X.  RIGHT OF ENTRY

36.     Commencing on the date of lodging of this Consent Decree, Newburgh agrees to provide the Plaintiffs and their representatives (including attorneys, contractors and consultants), access at all times to all areas and facilities under Newburgh's control, and to allow such representatives to move about, without restriction, for the purposes of conducting any activity related to this Consent Decree, including:

(a)     monitoring the progress of activities required by this Decree;

(b)     verifying any data or information submitted to the Plaintiffs in accordance with the terms of this Decree;

(c)     obtaining samples, and, upon request, splits of any samples taken by the Town of Newburgh or its consultants; and

(d)     assessing the Town of Newburgh's compliance with this Decree.

- 19 -

37.    Notwithstanding any provision of this Decree, the Plaintiffs retain all access authorities and rights, including enforcement authorities related thereto, under the Clean Water Act and any other applicable statute or regulations.

## XI.  EFFECT OF DECREE

38.    This Decree is not and shall not be interpreted to be a permit, or a modification of an existing permit, issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, nor shall it in any way relieve the Town of Newburgh of its obligation to obtain a permit and comply with the requirements of an NPDES permit or with any other applicable federal, state, or local law or regulation.  Nothing in this Decree alters the Town of Newburgh's obligations to comply with any new permit or modification of existing permits, in accordance with applicable federal, state, and local laws and regulations.

39.    This Decree in no way affects or relieves the Town of Newburgh of responsibility to comply with any federal, state, or local law or regulation.  Nothing contained in this Decree shall be construed to prevent or limit the United States' or the State of Indiana's rights to obtain penalties or injunctive relief under the Act or other federal or state statutes or regulations except as expressly specified herein.

40.    The Plaintiffs do not, by their consent to the entry of this Decree, warrant or aver in any manner that the Town of Newburgh's complete compliance with this Decree will result in compliance with the provisions of the Clean Water Act, 33 U.S.C. § 1251 et seq., or any applicable discharge permit.  Notwithstanding the Plaintiffs' review and approval of any submission formulated pursuant to this Decree, the Town of Newburgh shall remain solely

- 20 -

responsible for compliance with the terms of the Act, this Decree, and any other applicable law, including any discharge permit.

41.     The Town of Newburgh is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits, and compliance with this Decree shall be no defense to any actions commenced pursuant to said laws, regulations, or permits.

42.     This Decree does not limit or affect the rights of the Town of Newburgh, the State of Indiana, or the United States as against any third parties, nor does it limit the rights of third parties, not parties to this Decree, against the Town of Newburgh.

43.     The United States and the State of Indiana  reserve any and all legal and equitable remedies available to enforce the provisions of this Decree.

## XII.  COSTS OF SUIT

44.     Each party shall bear its own costs and attorney's fees in this action.

## XIII.  NOTICE

45.     Except as specified otherwise, when written notification to or communication with a party is required by the terms of this Decree, it shall be addressed as specified below.  All notices and submissions shall be considered effective upon receipt.

As to the United States:

United States Attorney for
the Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN   46204

and

- 21 -

United States Department of Justice
Environment and Natural Resources Division
DOJ # 90-5-1-1-06644
Environmental Enforcement Section
P.O. Box 7611  Ben Franklin Station
Washington, DC  20044-7611

      and

Water Division, Compliance Section 2
U.S. Environmental Protection Agency - Region 5
Mail Code WC-15J
77 West Jackson Boulevard
Chicago, Illinois  60604

As to the State of Indiana

To the Indiana Attorney General:

Environmental Section
Office of the Attorney General
Indiana Government Center South
5th Floor
302 West Washington Street
Indianapolis, IN   46204

      and

To IDEM:

Chief, Compliance Branch
Office of Water Quality
Indiana Department of Environmental Management
100 North Senate Avenue
P.O. Box 6015
Indianapolis, IN   46206

      and

- 22 -

Chief, Enforcement Section
Office of Legal Counsel
Indiana Department of Environmental Management
100 North Senate Avenue
P.O. Box 6015
Indianapolis, IN   46206

As to Defendant:

R. Thomas Bodkin
Bamberger, Foreman, Oswald and Hahn
7th Floor  Hulman Building
20 N.W. 4th Street
P.O. Box 657
Evansville, Indiana  47704
812/452-3562
812/421-4936 (fax)

## XIV.  INTEGRATION AND MODIFICATION

46.     This Decree represents the entire agreement of the parties.  There shall be no

modification of this Decree without written approval of all of the parties to this Decree and the

Court.

## XV.  PUBLIC COMMENT

47.     This Decree shall be lodged with the Court for a period of not less than thirty (30)

days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States

reserves the right to withdraw or withhold its consent if the comments regarding the Decree

disclose facts or considerations which indicate that the Decree is inappropriate, improper, or

inadequate.  The Town of Newburgh consents to the entry of this Decree without further notice.

- 23 -

## XVI. CONTINUING JURISDICTION OF THE COURT

48.     The Court shall retain jurisdiction to enforce the terms and conditions of this Decree and to resolve disputes arising under this Decree as may be necessary.

## XVII. CERTIFICATION

49.     Any notice, report, certification, data presentation or other document submitted by the Town of Newburgh under or pursuant to this Decree, which discusses, describes, demonstrates, supports any finding, or makes any representation concerning the Town of Newburgh's compliance or non-compliance with any requirement(s) of this Decree shall be certified by a responsible employee or official of the Town of Newburgh.

50.     The term "responsible employee or official" shall mean the mayor, town manager, or the sewer system manager for the Town of Newburgh, or any other person who performs similar policy or decision making functions for the Town of Newburgh.

51.     The certification of the responsible employee or official shall be in the following form:

I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false

- 24 -

information, including the possibility of fine, imprisonment, or both, for knowing

violations.  See, e.g., 18 U.S.C. § 1001.

## XVIII.  WAIVER OF SERVICE

52.     For purposes of this civil action, the Town of Newburgh agrees to accept service

of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal

Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to

service of a summons.

## XIX.  TERMINATION

53.     This Decree shall terminate within 30 days after all of the following have

occurred:

(a)     The Town of Newburgh has completed all recommendations set forth in the final

audit report required in Paragraph 7 of this Decree;

(b)     Subsequent to completion of all recommendations set forth in the final audit

report required in Paragraph 7 of this Decree, the Town of Newburgh has maintained compliance

with the prohibition on sanitary sewer overflows in Paragraph 8 of this Decree for a period of not

less than six consecutive months;

(c)     The Town of Newburgh has paid all penalties and interest due under this Decree

and no penalties are outstanding or owed to the United States or the State of Indiana;

(d)     The Town of Newburgh has complied with all of the reporting requirements in

Paragraphs 11-17 of this Decree;

(e)     The Town of Newburgh has certified compliance, pursuant to Paragraph 55(a),

(b), (c)  and (d) and in accordance with Section XVII (Certification) of this Decree, to the Court,

the United States, and the State of Indiana; and,

(f)     The Plaintiffs have not disputed the certification submitted pursuant to Paragraph

55(e) within 60 days of receiving it.  If the Plaintiffs dispute the Town of Newburgh's

certification, the Decree shall remain in effect pending resolution of the dispute by the Parties or

the Court.

Entered this _16_ day of _FEB_, 2006

_____

UNITED STATES DISTRICT COURT JUDGE

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States, et al., v. Town of Newburgh</u>, No.            (S.D. Ind.).

FOR THE DEFENDANT:

<u>Aug 24, 2005</u>
Date

<u>Town of Newburgh</u>
Name of Defendant

<u>P.O. Box 6, Newburgh, Indiana 47629</u>
Address

<u>812-853-7111</u>
Telephone Number

By:          <u>William F. Kavanaugh</u>
Name of Officer (please type or print)

Signature of Officer

<u>President, Newburgh Town Council</u>
Title

If different from above, the following is the name and address of Defendant's agent for service and, if Defendant has counsel, the name and address of Defendant's counsel. Counsel may act as agent for service.

Agent for Service          Attorney

<u>R. Thomas Bodkin</u>
Name          Name

<u>20 N.W. 4th Street, Evansville, Indiana 47704</u>
Address          Address

<u>812-452-3562</u>
Telephone

Defendant shall notify the United States Department of Justice and U.S. EPA of any change in the identity or address of Defendant, its agent for service, or its counsel.

- 27 -

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States,</u> <u>et al., v. Town of Newburgh</u>, No.                    (S.D. Ind.).

FOR THE UNITED STATES OF AMERICA:


Kelly A. Johnson                                    _____
Acting Assistant Attorney General                  DATE
Environmental and Natural Resources Division
United States Department of Justice
Washington, DC 20530


Leslie E. Lehnert                                   _____
Trial Attorney                                      DATE
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611


Thomas E. Kieper
Assistant United States Attorney
Southern District of Indiana

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States,</u> <u>et al., v. Town of Newburgh</u>, No.          (S.D. Ind.).


_____                    October 14, 2005
Mark Pollins, Director
Water Enforcement Division,
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC, 20004

29

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States,</u> <u>et al., v. Town of Newburgh</u>, No.          (S.D. Ind.).


Thomas V. Skinner                                          DATE  9-30 -05
Regional Administrator
U.S. Environmental Protection Agency
Mail Code R-19J
77 W. Jackson Boulevard
Chicago, Illinois  60604


Ignacio L. Arrázola                                        September 23, 2005
Associate Regional Counsel                                 DATE
U.S. Environmental Protection Agency
Mail Code C-14J
77 West Jackson Blvd.
Chicago, Illinois 60604

- 30 -

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States, et al., v. Town of Newburgh, No.          (S.D. Ind.).


FOR THE STATE OF INDIANA

Thomas W. Easterly                                    DATE  10/14/2005
Commissioner
Indiana Department of Environmental Management


Approved as to form and legality

Steve Carter
Indiana Attorney General


Charles J. Todd                                       DATE  10-26-05
Chief Operating Officer
Office of the Attorney General
Indiana Government Center South
5th Floor
302 West Washington Street
Indianapolis, IN   46204

- 31 -